# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-934V
UNPUBLISHED

| | |
|---|---|
| CLAUDIA GARCIA, parent and natural guardian of G.G., a minor,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 16, 2023<br><br>Show cause; failure to prosecute; human papillomavirus (HPV) vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On February 16, 2021, Claudia Garcia filed a petition for compensation on behalf of her minor child, G.G., under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34[2] (the "Vaccine Act"). Petitioner alleged that G.G. suffered a shoulder injury related to vaccine administration from a human papillomavirus vaccine G.G. received on November 14, 2019. ECF No. 1. Due to Petitioner's failure to prosecute her claim, this case is **DISMISSED**.

### Relevant Procedural History

Petitioner filed a declaration with the petition but did not file any other supporting documents. The declaration did not address the duration of G.G.'s shoulder injury. Exhibit 1. On February 19, 2021, the PAR Initial Order issued requiring Petitioner to file medical records and other statutorily required supporting documentation. ECF No. 5.

On August 2, 2021, Petitioner's counsel filed a status report indicating that she "has not been able to make contact with Petitioner despite repeated emails, certified mail correspondence and telephone calls. Petitioner's counsel does not currently have

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

authority from Petitioner to move to dismiss the case." ECF No. 7. The August 12, 2021 order required counsel to provide more details on when and for how long she has been attempting to contact Petitioner. ECF No. 8.

On October 12, 2021, Petitioner's counsel filed a status report advising that she made contact with Petitioner on September 16, 2021, and is in the process of obtaining medical records. ECF No. 9. Counsel requested 90 days to file the outstanding medical records and Statement of Completion. A due date was then set.

On January 11, 2022, Petitioner's counsel filed a status report requesting an additional 90 days to obtain and file the outstanding medical records. ECF No. 11. A new due date was set.

On May 16, 2022, Petitioner's counsel filed a motion for extension of time requesting an additional 60 days to file the outstanding medical records and advising that she "struggled to contact Petitioner for the better part of one (1) year but has since recently made contact." ECF No. 12. The motion for extension of time was granted.

On July 15, 2022, Petitioner's counsel filed a status report indicating that her "recent filings have detailed counsel's difficulties contacting Petitioner. Petitioner is again unresponsive despite certified mail correspondence, telephone calls and emails for the better part of two (2) years. Counsel for Petitioner filed this claim while facing a pending legislation claim but has no medical records and an incomplete PAR Questionnaire." ECF No. 13.

On August 2, 2022, I issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. ECF No. 14. On August 23, 2022, counsel filed a document indicating that the Order to Show Cause had been sent to Petitioner by certified mail. ECF No. 15. On September 12, 2022, the Clerk's Office docketed that the Order to Show Cause served on Petitioner by the Court had been returned because it was "unclaimed, unable to forward." ECF No. 16. The show cause deadline passed without any response from Petitioner.

**Grounds for Dismissal**

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the

court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in the August 2, 2022 Order to Show Cause that failure to follow orders issued in this matter (and failure to communicate with her counsel which prevents compliance with those order) risked dismissal of the claim. As noted in the response to the Order to Show Cause, Petitioner has been out-of-touch with her counsel since July 2022. Because Petitioner has continued to disregard my orders, without justification or explanation, dismissal is now appropriate.

**Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."